IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                              CASE NO. 07-CV-4022

JOHN F. REYENGA and
RUTH HAZEL REYENGA                                         DEFENDANTS

**ORDER**

Before the Court is Plaintiff United States of America's Motion for Summary Judgment. (Doc. 6).[1] The United States seeks to foreclose upon federal loans issued through the United States Department of Agriculture's Farm Service Agency[2] ("FSA"). Defendants did not respond to the motion and the Court ordered Defendants to show cause as to why they had not responded. (Doc. 10). Defendants were given until July 19, 2007, to respond to the Order to Show Cause. (Doc. 10). As of July 30, 2007, Defendants have still not responded to the Motion for Summary Judgment. The matter is ripe for consideration.

**BACKGROUND**

On December 22, 1986, the FSA extended to John F. Reyenga and his wife, Ruth Hazel Reyenga six loans in the principal amount of $125,440.14 in return for six promissory notes and seven mortgages on real property located in Nevada County, Arkansas.[3] (Docs. 1-1, 1-2, 1-3). The Reyengas defaulted on the loans, and on July 26, 1995, the United States accelerated the

---

[1] An amendment to the Motion for Summary Judgment was filed by the United States on July 24, 2007. (Doc. 11-1). The amendment was filed to include an affidavit of Tonya Washington of the United States Department of Agriculture, which correctly set forth the present status of the Reyengas' account. (Doc. 11-2).

[2] FSA was formerly known as the Farmers Home Administration.

[3] On March 30, 1983, the United States executed a Partial Release pertaining to a portion of the property. (Doc. No. 1-4).

outstanding amount owed, declaring $125,429.62 in unpaid principal, and $48,249.98 in unpaid interest due immediately. (Doc. No. 1-5). Unable to obtain payment from the Reyengas, the United States brought this action to foreclose upon the promissory notes and mortgaged property. As of July 11, 2007, the Reyengas owed to the United States the principal sum of $127,472.62 , plus accrued interest of $117,792.69, with interest accruing thereafter at the daily rate of $15.9674. (Doc. 11-2).

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.,* 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249. Where no reasonable jury could render a verdict for the

nonmovant, however, summary judgment is properly granted. *Taylor v. White,* 321 F.3d 710, 715 (8th Cir. 2003).

## DISCUSSION

The United States has brought this action to foreclose on six promissory notes and mortgaged property located in Nevada County, Arkansas. It has submitted documents to the Court showing that as of July 11, 2007, there is due and owing the sum of $ 245,265.31 ($127,472.62 in unpaid principal and $117,792.69 in unpaid interest), plus interest accruing at a daily rate of $15.9674. The Reyengas have not denied execution of the note and have not claimed satisfaction thereof.  In fact, the Reyengas have not responded at all to the Plaintiff's Motion for Summary Judgment or to the Order to Show Cause.  The Court finds that there is no genuine issue of fact to be litigated and is satisfied that the United States has sufficiently alleged and proved the existence and amount of the six loans secured by the promissory notes and mortgages. Thus, the United States is entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, the Court finds that the United States' Motion for Summary Judgment should be and hereby is **granted** against Defendants John F. Reyenga and Ruth Hazel Reyenga. The United States is directed to supply the Court with the appropriated Decree to be entered as a final judgment in this matter.

**IT IS SO ORDERED**, this 30th day of July, 2007.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge