IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA
        PLAINTIFF,

v.                                                                        Civil No. 07-4022

JOHN F. REYENGA and
RUTH HAZEL REYENGA, his wife,
        DEFENDANTS.

## DECREE OF FORECLOSURE

Now on this 14th day of November 2007, this case comes on to be heard, and the Court being advised in the premises, finds:

1. That the Court has jurisdiction of the parties and subject matter herein.

2. That the Plaintiff filed its Complaint against the Defendants on March 8, 2007.

3. That the Defendant John F. Reyenga was served with summons and a copy of complaint by certified mail on March 16, 2007.

4. That the Defendant Ruth Hazel Reyenga was served with summons and a copy of complaint by certified mail on March 16, 2007.

5. That the answer of Defendants was filed on April 5, 2007.

6. That for a valuable consideration to obtain loan assistance from the United States of America, acting by and through the Farm Service Agency, formerly known as Farmers Home Administration, United States Department of Agriculture, the Defendants, John F. Reyenga and Ruth

Hazel Reyenga, his wife, executed and delivered to Plaintiff a certain promissory notes in the principal amounts and due and payable as follows:

| DATE | PRINCIPAL | INTEREST | TERM |
|---|---|---|---|
| 12/22/1986 | $19,800.00 | 4.50% | 1 Yr. |
| 12/22/1986 | $30,095.19 | 5.00% | 26 Yrs.  (Rescheduled $34,000 note dated 12/21/1973) |
| 12/22/1986 | $32,414.03 | 5.00% | 40 Yrs.  (Rescheduled $29,895.44 note dated 4/16/1985) (Rescheduled $32,638.27 note dated 5/13/1983) (Rescheduled $32,130.00 note dated 3/26/1981) |
| 12/22/1986 | $21,179.18 | 4.50% | 15 Yrs.  (Rescheduled $19,533.54 note dated 4/16/1985) (Rescheduled $18,490.00 note dated 2/28/1984) |
| 12/22/1986 | $5,231.47 | 3.00% | 15 Yrs. (Rescheduled $8,128.46 note dated 5/13/1983) (Rescheduled $18,520.00 note dated 2/26/1979) |
| 12/22/1986 | $16,720.27 | 4.50% | 15 Yrs.  (Rescheduled $18,000.00 note dated 4/18/1985) (Rescheduled $15,000.00 note dated 5/23/1983) |

7.      That the Plaintiff is the legal holder of these notes.

8.      To secure the full and final payment of the indebtedness owed to Plaintiff, said Defendants executed and acknowledged in the manner provided by law and delivered to Plaintiff the following described real estate mortgages conveying certain real property described therein:

| DATE OF MORTGAGE | DATE OF RECORDATION | BOOK & PAGE |
|---|---|---|
| 12/21/1973 | 12/21/1973 | Bk. 306, Pg. 232, Office of Nevada Co. Circuit Clerk |
| 3/12/1976 | 3/12/1976 | Bk. 320, Pg. 474, Office of Nevada Co. Circuit Clerk |
| 4/26/1982 | 4/26/1982 | Bk. 360, Pg. 86, Office of Nevada Co. Circuit Clerk |
| 5/23/1983 | 5/23/1983 | Bk. 367, Pg. 561, Office of Nevada Co. Circuit Clerk |
| 2/28/1984 | 2/28/1984 | Bk. 375, Pg. 92, Office of Nevada Co. Circuit Clerk |

| | | |
|---|---|---|
| 4/18/1985 | 4/18/1985 | Bk. 382, Pg. 311, Office of Nevada Co. Circuit Clerk |
| 12/22/1986 | 12/22/1986 | Bk. 399, Pg. 88, Office of Nevada Co. Circuit Clerk |
| 1/2/1987 (Corrected Deed) | 1/2/1987 | Bk. 399, Pg. 276, Office of Nevada Co. Circuit Clerk |

9. That the Plaintiff is the legal holder of these mortgages.

10. On March 30, 1983, the United States executed a Partial Release pertaining to a portion of the property described in the following described real estate mortgages:

| Date of Mortgage | Date of Recordation | Book and Page |
|---|---|---|
| 12/21/1973 | 12/21/1973 | Bk. 306, Pg. 232, Office of Nevada County Circuit Clerk |
| 3/12/1976 | 3/12/1976 | Bk. 320, Pg. 474, Office of Nevada County Circuit Clerk |
| 4/26/1982 | 4/26/1982 | Bk. 360, Pg. 86, Office of Nevada County Circuit Clerk |

11. A copy of the Partial Release is attached as EXHIBIT "C" to Plaintiff's complaint.

12. That the described real estate mortgages constitute a good and valid first mortgage lien on the property therein described as follows:

> The W½ of the NE¼ of Section 15, excepting one acre out of the East side of the SW¼ of the NE¼ of Section 15 described as follows: Commencing at the Southeast corner of the SW¼ of NE¼ of said section and run thence along the East Line of said SW¼ of NE¼ for a distance of 187 yards to the POINT OF BEGINNING of this excepted tract, from which beginning point run thence West for a distance of 40 yards, run thence North for a distance of 121 yards, run thence East for a distance of 40 yards, run thence South for a distance of 121 yards back to the point of beginning; The E½ of the NW¼ of Section 15, and a part of the SE¼ of NW¼ of NW¼ of Section 15; and a part of the NE¼ SW¼ NW¼ of Section 15, described as follows: Beginning at the Northeast corner of the SW¼ of NW¼ of Section 15 and run thence South on the line between the SE¼ of NW¼ and the SW¼ of NW¼ for 10 chains, run thence West 2 chains and 50 links to the center of the Clark Road as now located, thence run North 59 degrees West following the center of the Clark Road as now located for 8 chains and 15 links, thence run North 16 chains, thence run East 9 chains and 16 2/3 links to the line between the NW¼ of NW¼ and the NE¼ of NW¼, run thence South on the line between the NW¼ of NW¼ and the NE¼ of NW¼ , to the point of beginning, All being in Township 12 South, Range 22 West, and containing in the aggregate 176 acres, more or less:

LESS AND EXCEPT: All that part of the above described lands included in the following described tract of land:

A part of the S½ of NW¼ of Section 15, Township 12 South, Range 22 West, described as follows: Commence at the Northwest corner of said Section 15 and run thence Southerly along the West line of said Section 15 on an azimuth of 181 degrees 5 minutes 30 seconds a distance of 2131.53 feet, run thence Easterly on an azimuth of 91 degrees 14 minutes 48 seconds a distance of 1396.16 feet to the intersection of the center line of Arkansas Highway No. 299 and the center line of Arkansas Highway No. 53, being the POINT OF BEGINNING of this tract of land; run thence Northerly along the centerline of said Highway 53 a distance of 263.23 feet as measured along a curve concave to the East having a degree of curve of 04 degrees 14 minutes (arc basis) and a radius of 1351.56 feet; thence Westerly on an azimuth of 275 degrees 46 minutes 41 seconds a distance of 345.44 feet; thence Southerly on an azimuth of 214 degrees 46 minutes 42 seconds a distance of 122.40 feet to the center line of said Highway 299; thence Southeasterly along said highway center line on an azimuth of 122 degrees 39 minutes 44 seconds a distance of 183.80 feet; thence Southeasterly on an azimuth 116 degrees 20 minutes 07 seconds a distance of 168.24 feet back to the point of beginning, containing 1.500 acres, more or less. All azimuths are reckoned from astronomic North.

AND LESS AND EXCEPT: All that part of the above described lands conveyed to the Arkansas State Highway Commission by that Warranty Deed dated October 4, 1985, and recorded in Book 387 at Page 211 of the Deed Records of Nevada County, Arkansas, which is more particularly described as follows:

TRACT NO. 41: Part of the Southwest Quarter of the Northeast Quarter of Section 15, Township 12 South, Range 22 West, Nevada County, Arkansas, more particularly described as follows:

Starting at the Southeast Corner of the South Half of the Northeast Quarter of Section 15; thence North 88° 23' 45" West along the South line thereof a distance of 2104.17 feet to a point on the Southerly proposed right of way line of State Highway 19 for the point of beginning; thence North 83° 20' 43" West along said proposed right of way line a distance of 90.97 feet to a point; thence North 67° 17' 44" West along said proposed right of way line a distance of 75.74 feet to a point on the Southerly existing right of way line of State Highway 19; thence in a Easterly direction along said existing right of way line on a curve left having a radius of 819.87 feet a distance of 126.86 feet to a point; thence South 84° 02' East along said existing right of way line a distance of 208.98 feet to a point on the South line of the Southwest Quarter of the Northeast Quarter of Section 15; thence North 88° 23' 45" West along said South line a distance of 172.34 feet to the point of beginning and containing 0.06 acre more or less.

ALSO: Part of the Southwest Quarter of the Northeast Quarter and part of the Southeast Quarter of the Northwest Quarter of Section 15, Township 12 South, Range 22 West, Nevada County, Arkansas, more particularly described as follows:

Starting at the Southeast corner of the South Half of the Northeast Quarter of Section 15; thence North 88° 22' 45" West along the South line thereof a distance of 1931.83 feet to a point on the Southerly existing right of way line of State Highway 19; thence North 84° 02' West along said existing right of way line a distance of 208.98 feet to a point; thence in a Northwesterly direction along said existing right of way line having a radius of 819.87 feet a distance of 352.13 feet for the point of beginning, said point being on the Southwesterly proposed right of way line of State Highway 19; thence North 67° 17' 44" West along said proposed right of way line a distance of 24.70 feet to a point; thence North 52° 56' 15" West along said proposed right of way line a distance of 277.45 feet to a point; thence North 26° 51' 25" West along said proposed right of way line a distance of 277.32 feet to a point; thence North 11° 46' 43" West along said proposed right of way line a distance of 339.27 feet to a point; thence North 09° 45' 00" West along said proposed right of way line a distance of 360.50 feet to a point; thence North 02° 21' 56" West along said proposed right of way line a distance of 79.31 feet to a point on the Westerly existing right of way line of State Highway 19; thence South 12° 24' 00" East along said existing right of way line a distance of 212.38 feet to a point; thence South 10° 12' 54" East along said existing right of way line a distance of 502.89 feet to a point; thence South 16° 33' 31" East along said existing right of way line a distance of 107.03 feet to a point; thence in a Southeasterly direction along said existing right of way line on a curve left having a radius of 819.87 feet a distance of 521.50 feet to the point of beginning and containing 0.45 acre, more or less.

TRACT NO. 42: Part of the Northeast Quarter of the Northwest Quarter of Section 15, Township 12 South; Range 22 West, Nevada County, Arkansas, more particularly described as follows:

Starting at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 15; thence South 88° 10' 26" East along the North line thereof a distance of 970.72 feet to a point on the Westerly proposed right of way line of State Highway 19 for the point of beginning; thence continue South 88° 10' 26" East along said North line a distance of 39.69 feet to a point on the Westerly existing right of way line of State Highway 19; thence South 01° 38' 26" East along said existing right of way line a distance of 86.04 feet to a point; thence South 09° 00' 36" West along said existing right of way line a distance of 407.27 feet to a point; thence in a Southerly direction along said existing right of way line on a curve left having a radius of 2894.79 feet a distance of 595.46 feet to a point; thence South 36° 15' 17" West along said existing right of way line a distance of 34.94 feet to a point on the Westerly proposed right of way line of State Highway 19; thence North 01° 34' 40"

East along said proposed right of way line a distance of 433.0 feet to a point; thence North 08° 41' 27" East along said proposed right of way line a distance of 533.73 feet to a point; thence North 05° 19' 59" West along said proposed right of way line a distance of 151.36 feet to the point of beginning and containing 0.47 acre, more or less.

TRACT NO. 43: Part of the Southwest Quarter of the Northeast Quarter of Section 15 and part of the East Half of the Northwest Quarter of Section 15, Township 12 South, Range 22 West, Nevada County, Arkansas, more particularly described as follows:

Starting at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 15; thence South 88° 10' 26" East along the North line thereof a distance of 1072.52 feet to a point on the Easterly existing right of way line of State Highway 19 for the point of beginning; thence continue South 88° 10' 26" East along the North line a distance of 34.22 feet to a point on the Easterly proposed right of way line of State Highway 19; thence South 08° 07' 21" West along said proposed right of way line a distance of 164.32 feet to a point; thence South 09° 22' 45" West along said proposed right of way line a distance of 340.24 feet to a point; thence South 10° 32' 08" West along said proposed right of way line a distance of 187.52 feet to a point; thence South 02° 34' 40" West along said proposed right of way line a distance of 295.68 feet to a point; thence South 07° 13' 21" East along said proposed right of way line a distance of 98.93 feet to a point; thence South 06° 05' 10" East along said proposed right of way line a distance of 359.75 feet to a point; thence South 08° 09' 39" East along said proposed right of way line a distance of 360.64 feet to a point; thence South 23° 49' 37" East along said proposed right of way line a distance of 253.94 feet to a point; thence South 34° 08' 48" East along said proposed right of way line a distance of 421.25 feet to a point; thence South 57° 25' 48" East along said proposed right of way line a distance of 284.61 feet to a point; thence South 74° 51' 23" East along said proposed right of way line a distance of 316.32 feet to a point; thence South 84° 56' 02" East along said proposed right of way line a distance 636.19 feet to a point on the East line of the Southwest Quarter of the Northeast Quarter of Section 15; thence South 00° 15' 17" West along said East line a distance of 19.82 feet to a point on the Northerly existing right of way line of State Highway 19; thence North 84° 02' West along said existing right of way line a distance of 271.60 feet to a point; thence North 84° 36' 22" West along said existing right of way line a distance of 500.02 feet to a point; thence North 84° 02' West along said existing right of way line a distance of 60.90 feet to a point; thence in a Northwesterly direction along said existing right of way line on a curve right having a radius of 749.87 feet a distance of 972.20 feet to a point; thence North 09° 45' 00" West along said existing right of way line a distance of 421.50 feet to a point; thence North 09° 31' 53" West along said existing right of way line a distance of 199.17 feet to a point; thence North 05° 25' 19" West along said existing right of way line a distance of 296.20 feet to a point; thence in a Northerly direction along said existing right of way

line on a curve right having a radius of 2829.79 feet a distance of 583.07 feet to a point; thence North 08° 59' 11" East along said existing right of way line a distance of 412.40 feet to a point; thence North 03° 17' 30" West along said existing right of way line a distance of 89.68 feet to the point of beginning and containing 2.77 acres, more or less.

SUBJECT TO:

(1)  Royalty Deed from Alta Erwin, Bettie George Johnson, Rosa Martin and Henry C. Martin, Guardian of Hugh Martin, to J.A. Russell dated August 14, 1948, filed September 8, 1948, in Book 181, Page 321, of the deed records of Nevada County, Arkansas, conveying ¼ royalty in South 15 acres of NW¼ NE¼, South 15 acres of NE¼ NW¼; SW¼ NE¼ except one acre out of the east side thereof; SE¼ NW¼; Part of the SE¼ NW¼ NW¼, and part of the NE¼ SW¼ NW¼ as described as follows: Beginning at the NE corner of SW¼ NW¼ and run thence South on the line between SE¼ NW¼ and SW¼ NW¼ 10 chains; thence West 2 chains and 50 links to center of Clark Road; thence North 59 degrees West following center of said road for 8 chains and 15 links; thence North 16 chains, thence East 9 chains and 16 2/3 links to line between NW¼ NW¼ and NE¼ NW¼, thence South on line between NW¼ NW¼ and NE¼ NW¼ to point of beginning, all in Section 15, Township 12 South, Range 22 West, and containing 126 acres, more or less.

(2)  Royalty Deed from Josie Martin to J.A. Russell dated August 14, 1948, filed September 8, 1948, in Book 181, Page 322, of the deed records of Nevada County, Arkansas, conveying ¼ royalty in North 25 acres of NW¼ of NE¼ and North 25 acres of NE¼ of NW¼ of Section 15, Township 12 South, Range 22 West, containing 50 acres, more or less.

(3)  Right of Way Permit from Johnny Reyenga and Ruth J. Reyenga, his wife, to Arkansas Power & Light Company, dated April 17, 1968, filed January 15, 1969, in Book 272, Page 259 of the deed records of Nevada County, Arkansas, conveying right-of-way on and over a strip of land 20 feet wide on the North side of, and immediately adjacent to #299 Highway in "a part of the NW¼ Section 15, Township 12 South, Range 22 West."

(4)  Public highway rights-of-way

(5)  That Right-of-Way Permit from Johnny A. Reyenga and Ruth H. Reyenga to Arkansas Power & Light Company, dated November 1, 1985, and recorded in Book 390 at Page 460, granting the right to build, operate and maintain a line for the transmission of electric energy across a part of the NE¼ of Section 15, Township 12 South, Range 22 West, along the North side of Highway 19, together with all necessary fixtures, and the right to clear a right of way 15 feet in width and to allow

other utilities to erect and maintain wires and cables on any structures constructed by AP&L.

13. That despite notice and demand, the Defendants have neglected and refused to pay their obligation on these notes and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the sum of $127,472.62, plus accrued interest of $117,792.69, as of July 11, 2007, for a total of $245,265.31, with interest accruing thereafter at the daily rate of $15.9674, until date of judgment.

14. For a valuable consideration, the Defendants in said mortgages waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendants likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

15. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

16. That the Defendants are not infants, or incompetent persons, or in the active military service of the United States.

17. On July 30, 2007, this Court granted the Plaintiff's Motion for Summary Judgment, and the Court found that there is no genuine issue of fact to be litigated and that the plaintiff is entitled to judgment for the relief sought in its complaint as a matter of law.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment <u>in rem</u> against the property and not <u>in personam</u> against the Defendants in the amount of $245,265.31, plus interest accruing at a daily rate of $15.9674 from July 11, 2007, to date of judgment, together with interest at the legal rate of 3.72 percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid.   That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Nevada County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Nevada County Courthouse in Prescott, Arkansas, on a credit of three months, the property above described.  The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof.  If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

      /s/ Harry F. Barnes
HONORABLE HARRY F. BARNES
UNITED STATES DISTRICT JUDGE